NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACOB SAIGE, individually, and on behalf of other similarly situated individuals; REGINALD MCOWENS, individually, and on behalf of other similarly situated individuals,

Plaintiffs - Appellees,

v.

CAPSTONE LOGISTICS, LLC, a limited liability company,

Defendant - Appellant,

DOES, 1 through 25, inclusive,

Defendant.

No. 25-4275

D.C. No.
5:24-cv-00195-RGK-SHK

MEMORANDUM\*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 22, 2026
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Plaintiffs, who signed arbitration agreements with Defendant Capstone

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Logistics, LLC, filed a class action lawsuit alleging wage and hour claims under the California Labor Code, the Business & Professions Code, and the California Private Attorneys General Act ("PAGA"). Capstone moved to compel arbitration of Plaintiffs' individual Labor Code and individual PAGA claims under the California Arbitration Act ("CAA"). *See* Cal. Code Civ. Proc. §§ 1280 *et seq.* Capstone appeals the district court's denial of that motion. We affirm.

We have jurisdiction to review this order as "tantamount to a denial of injunctive relief under 28 U.S.C. § 1292(a)(1). *See Jackson v. Amazon.com, Inc.*, 65 F.4th 1093, 1097–98 (9th Cir. 2023); *see also Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (An interlocutory order is appealable under § 1292(a)(1) where the order may have "serious, perhaps irreparable, consequence" and "the order can be effectually challenged only by immediate appeal." (quotation marks omitted)). We review the denial of a motion to compel arbitration under the CAA for abuse of discretion. *See Avila v. S. Cal. Specialty Care, Inc.*, 20 Cal. App. 5th 835, 840 (Cal. Ct. App. 2018). "The interpretation and meaning of contract provisions are questions of law … reviewed de novo." *Diaz v. Macys W. Stores, Inc.*, 101 F.4th 697, 700 (9th Cir. 2024) (quotation marks omitted).

1. The district court properly reached and interpreted the agreement's "Savings Clause." The Savings Clause provides that if any portion of the agreement is found "void or unenforceable," that portion "shall be severed and the

remainder of th[e] Agreement shall be fully enforceable[.]" The Savings Clause further provides, "if the waiver of class and collective claims is found to be unenforceable, then any claim brought on a class, collective or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims." The district court first concluded that the agreement's waiver of class action claims ("Class Waiver") is unenforceable. Then, applying the Savings Clause, it held that Plaintiffs' claims could not be arbitrated because they were brought on a class basis and the agreement "designates this Court as the exclusive forum for class and representative claims."

Capstone does not appeal the district court's holding that the Class Waiver is unenforceable. Instead, it argues that the Class Waiver is "extraneous to the instant dispute" because the parties did not agree to class arbitration, and therefore, the district court did not need to determine that the Class Waiver is unenforceable and apply the Savings Clause. Capstone's argument belies the record: in its first motion to compel arbitration, Capstone asked the court to enforce the Class Waiver. Because Capstone invited the district court to determine the Class Waiver's validity and, in turn, to reach the Savings Clause, the district court did not err by doing so.

2. At oral argument, Capstone argued for the first time on appeal that the district court should have severed Plaintiffs' individual Labor Code claims from

their class Labor Code claims and compelled arbitration of the individual claims.

Regardless of whether this argument was preserved, we reject it because the individual Labor Code claims cannot be severed from the class claims. To file a class action claim in court, an individual must bring their individual claim as a named plaintiff and seek class certification, including by establishing that their individual claim is representative of the class. *See* Fed. R. Civ. P. 23(a) ("One or more members of a class may sue … as representative parties on behalf of all members" if certain conditions are met); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (Rule 23's requirements "effectively limit the class claims to those fairly encompassed by the named plaintiff's [individual] claims." (quotation marks omitted)); *id.* at 351 ("[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the [individual] plaintiff's cause of action."). Thus, once the district court concluded that the arbitration agreement's Savings Clause required Plaintiffs to bring their class claims in court, it could not sever and compel arbitration of only the individual Labor Code claims.

3. The district court correctly declined to sever Plaintiffs' individual PAGA claims from the representative PAGA claims and compel arbitration of the

individual PAGA claims.[1] Severability of individual and representative PAGA claims generally is a question of state law. *See Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104, 1119 (2023).

In *Iskanian v. CLS Transportation Los Angeles, LLC*, the California Supreme Court held that PAGA individual claims cannot be separated from PAGA representative claims because bringing "a single-claimant arbitration under the PAGA for individual penalties … does not serve the purpose of the PAGA." 59 Cal. 4th 348, 383–84 (2014), *overruled on other grounds by Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022). In *Viking River*, however, the United States Supreme Court held that where a motion to compel arbitration is brought under the FAA, "the FAA preempts the rule of *Iskanian* insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate." 596 U.S. at 662.

Here, Capstone brought its motion to compel arbitration under the CAA, not the FAA. Thus, the question is whether, after *Viking River*, courts must still apply *Iskanian*'s rule precluding the division of PAGA actions into individual and representative claims in cases brought under the CAA.

"When interpreting state law, federal courts are bound by decisions of the

---

[1] Because the parties and cases use the terms "representative PAGA claim" and "non-individual PAGA claim" interchangeably, *see, e.g.*, *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 662 (2022), we do the same.

state's highest court." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018). "In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions … as guidance." *Id.*; *see also Syngenta Seeds, Inc. v. County of Kauai*, 842 F.3d 669, 681 (9th Cir. 2016) (declining to certify where "there is sufficient state law to enable this court to make an informed decision." (quotation marks omitted)).

Although the California Supreme Court has not yet addressed this precise issue, in *Adolph*, it recognized that *Viking River* left most of *Iskanian's* holdings undisturbed and only "requires enforcement of agreements to arbitrate a PAGA plaintiff's individual claims *if the agreement is covered by the FAA*." 14 Cal. 5th at 1117–19 (emphasis added). In *Villalobos v. Maersk, Inc.*, the California Court of Appeal considered *Adolph* and concluded that, where "California law applies, … 'the rule of *Iskanian*'—that 'precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate'—*does* apply." 114 Cal. App. 5th 1170, 1199 (Cal. Ct. App. 2025) (emphasis in original) (citation omitted). Considering the reasoning of *Iskanian* and *Adolph*, we conclude the California Supreme Court would agree with *Villalobos*. Because Plaintiffs' individual and non-individual PAGA claims cannot be severed under the CAA and FAA preemption does not apply, we affirm the district court's denial of the motion

to compel arbitration of the individual PAGA claims.

**AFFIRMED.**